FILED
U.S. DISTRICT COURT
GUSTA DIV.

2022 APR 18 P 1: 55

CLERK_____
SO. DIST. OF GA.

## IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

MASON BURBANK,          *
                        *
        Plaintiff,      *
                        *
        v.              *          CV 420-102
                        *
RHETT LERMY,            *
                        *
        Defendant.      *

---

## O R D E R

---

Plaintiff filed this lawsuit while housed at the Liberty County Jail. (Compl., Doc. No. 1, at 4.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 3 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§

1915(e)(2)(B) and 1915A(b). For the following reasons, Plaintiff's claims against Defendant Rhett Lermy shall proceed.

## I.   BACKGROUND

*A. Factual Allegations*

At the time relevant to his claims, Plaintiff was an inmate at Liberty County Jail who suffered from a seizure disorder. (Compl. at 6.) On September 30, 2018, Plaintiff went to the evening pill call to receive his anti-convulsant medication. (Id.) Officer Lermy escorted Plaintiff to the pill call. (Id.) Once there, Plaintiff took his medication and Lermy checked Plaintiff's mouth with a flashlight to ensure that he had swallowed it. (Id.) Knowing that Plaintiff suffered from seizures, Lermy then raised the flashlight to Plaintiff's eyes and activated the light's strobe function. (Id.) The nurse distributing medication at the time immediately told Lermy to stop and that he could give Plaintiff a seizure and kill him. (Id. at 7.) Plaintiff suffered nausea, migraines, decreased cognitive function, and pre-seizure "auras" in the days following the strobing. (Id.)

Plaintiff filed a grievance with the jail the morning after the incident. (Id.) The grievance was forwarded to the Jail Administrator, who, along with Lermy's supervisor, reprimanded Lermy. (Id.) Plaintiff was apparently satisfied with the resolution of his grievance, as the "grievance request caused them

2

to resolve the matter in [Plaintiff's] favor." (Id.) Plaintiff did not see Lermy again until October 31, 2018. (Id.)

On October 31, 2018, the same series of events played out again. At pill call, Lermy checked Plaintiff's mouth before using the strobe function of his flashlight on Plaintiff's eyes. (Id. at 8.) Two other inmates and the same nurse witnessed the event. (Id.) Plaintiff suffered from symptoms similar to those that followed the first event, but this time also experienced two seizures in the ten days following the incident. (Id.) Plaintiff alleges that Lermy strobed him the second time as retaliation for the first grievance. (Id.)

Undeterred, Plaintiff asked for another grievance form on November 1, 2018. (Id. at 9.) Plaintiff was escorted to the Jail Administrator's office, but the Administrator refused to give him a grievance form, telling Plaintiff that he would continue to investigate the matter and notify Plaintiff of any results. (Id.) Plaintiff never heard from the Jail Administrator again.

*B. Prior Lawsuit*

Plaintiff filed a Section 1983 action against Lermy on November 5, 2018. (See Burbank v. Lermy, 4:18-cv-257 (S.D. Ga. Nov. 5, 2018) (hereinafter "2018 Case.")) That suit involved the same events as this one but was dismissed for failure to exhaust administrative remedies. (2018 Case, Doc. No. 43.) In the 2018

Case, the Court found that Plaintiff had filed his complaint while the grievance procedure was in progress. (Id. at 6-7.)

Plaintiff initiated the 2018 Case in November of that year with a filing he believed to be a motion for preliminary injunction rather than a complaint. (Id. at 7.) Plaintiff had attempted to argue that his amended complaint signed in December was the filing against which his exhaustion should be timed, but the Court found that the motion for preliminary injunction constituted a complaint. (Id. at 8.) Because prisoner plaintiffs must exhaust administrative remedies before filing suit, and Plaintiff's grievances were still pending when he filed suit in November, Plaintiff's case was dismissed.[1] (Id. at 6-9.)

Plaintiff now seeks declaratory, injunctive, and monetary relief against Lermy. (Compl. at 10.)

## II.  LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact."

---

[1] While the 2018 Case was eventually dismissed, Plaintiff's claims passed the screening stage. See Prior Case, Doc. No. 9. (directing service of complaint after screening).

<u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." <u>Wilkerson v. H & S, Inc.</u>, 366 F. App'x 49, 51 (11th Cir. 2010) (citing <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is

5

entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## III. DISCUSSION

Liberally construed, Plaintiff's Complaint arguably states a claim for excessive force against Lermy.

First, Plaintiff has – at least at the screening stage – sufficiently alleged that he has exhausted his administrative remedies. Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Dismissal for failure to state a claim is appropriate if it is clear from the face of a complaint that the plaintiff failed to exhaust administrative remedies. See Jones v. Bock, 549 U.S. 199, 215 (2007); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). And while exhaustion

of administrative remedies is a "precondition" to filing an action in federal court, Plaintiff has alleged his compliance with the jail's grievance procedure following both events before filing this suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000).

On the merits, Plaintiff arguably states an Eighth Amendment claim against Lermy. A prisoner must show that the officer "acted with a sufficiently culpable state of mind . . . and the conduct must have been objectively harmful enough to establish a constitutional violation." Sconiers v. Lockhart, 946 F.3d 1256, 1265 (11th Cir. 2020) (internal quotation omitted) (citing Hudson v. McMillian, 503 U.S. 1, 5 (1992)). The first element is a subjective one, while the second element is objective. Id. at 1265–66. The subjective element requires that the "excessive force [be] sadistically and maliciously applied for the very purpose of causing harm." Id. at 1265 (quotation and citation omitted). The objective element asks whether the officer's actions were "sufficiently serious" or "harmful enough" to violate the Constitution. Id. (quotation and citation omitted).

Lermy allegedly shined his strobe light into Plaintiff's eyes on two occasions, both as Plaintiff was receiving medication to treat his seizures. Taking the allegations as true and drawing inferences in Plaintiff's favor, Lermy knew that Plaintiff suffered from seizures and that strobing him could cause a seizure and potentially his death. Plaintiff also suffered two seizures in the days after the second incident, and both incidents caused him to suffer nausea, migraines, and other physical effects. On these

allegations, Plaintiff has arguably stated an excessive force claim against Defendant Lermy and that claim shall proceed.

## IV.   CONCLUSION

Plaintiff has arguably stated an excessive force claim against Defendant Rhett Lermy.   Therefore, process shall issue. Instructions for the service of process will follow in a subsequent Order.

**ORDER ENTERED** at Augusta, Georgia, this _18th_ day of April, 2022.

_____
UNITED STATES DISTRICT JUDGE